**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DAN BOGER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>FAST CAPITAL PARTNERS, LLC<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Dan Boger ("Mr. Boger" or "Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, prerecorded calls, unless the caller has the "prior express written consent" of the called party.

4. Plaintiff alleges that Defendant Fast Capital Partners, LLC ("Fast Capital") made automated telephone calls using equipment prohibited by the TCPA to promote its services without its prior express written consent.

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

5. Because the call to the Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

7. Plaintiff is a natural individual who resides in Rockville, MD, in this District.

8. Defendant Fast Capital Partners, LLC is a Delaware Corporation with a principal address of 65 Oriental Boulevard, Ste. 11K, Brooklyn, New York, 11235.

**Jurisdiction & Venue**

9. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) and (3) because the Defendant is subject to personal jurisdiction in this district and a substantial part of the property that is the subject of this action is owned by the Plaintiff, in this District. Furthermore, the Defendant has registered to do business in this District.

**TCPA Background**

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. 105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227).

14. *Mims* explicitly cited these Congressional Findings in noting that "'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Id.* (citing 105 Stat. 2394). Accordingly, Congress found that:

> ***Banning such automated or prerecorded telephone calls*** to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, ***is the only effective means of protecting telephone consumers*** from this nuisance and privacy invasion.

*Id.* at § 14 (emphasis added).

15. Indeed, as the United States Supreme Court recently held in a different context, "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" *Riley v. California*, __ U.S. __, 134 S.Ct. 2473, 2494-95, 189 L.Ed.2d 430 (2014).

16. In fact, the TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

17. The TCPA categorically bans entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

18. The categorical ban applies to any type of cellular telephone number, residential or business.

**Factual Allegations**

19. Fast Capital is a business funding provider that targets businesses to offer capital financing.

20. Fast Capital uses telemarketing to promote its products.

21. Fast Capital' telemarketing efforts include the use of automated dialing equipment.

22. On May 11, 2016, Fast Capital placed a telemarketing call to the Plaintiff's cellular telephone, XXX-XXX-8842.

23. When the Plaintiff answered the phone, there was a distinct click and a significant pause on the other end of the telephone line.

24. These facts, as well as the geographic distance between the Plaintiff and the Defendant, as well as the fact that this call was part of a nationwide telemarketing campaign demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

25. During the call, which was a "cold call", Fast Capital gave a scripted pitch trying to offer the Plaintiff its services.

26. During the sales pitch, the Plaintiff was told that the website for the business was http://fastcapitalpartners.com/.

27. That website is owned and operated by the Defendant.

28. These are services that the Plaintiff had not expressed an interest in to Fast Capital.

29. Fast Capital did not have the Plaintiff's prior express written consent to make this call.

30. In fact, prior to the filing of this lawsuit, the Plaintiff contacted Fast Capital to ask them if they had his prior express written consent prior to making the telemarketing call at issue.

31. Fast Capital did not assert that it had the Plaintiff's consent.

32. By transmitting the calls to Plaintiff and the putative class, Fast Capital violated class members' privacy rights. Plaintiff and the putative class members have had their privacy improperly invaded.

33. Furthermore, the Plaintiff and the putative class suffered actual damage in the form of the lost time they had to deal with the solicitation calls.

34. Additionally, the Plaintiff and the putative class suffered actual damage in the form of the transmissions jamming their cellular telephone lines from other legitimate business communications.

35. Finally, the Plaintiff and the putative class suffered actual damage in the form of lost battery life and lost data storage capacity on their cellular telephones.

## Class Action Allegations

36. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

37. The class of persons Plaintiff proposes to represent include:

> All persons within the United States whom Defendant, directly or through any third parties, initiated a telephone call with the same or similar dialing system as was used to call plaintiff to a number registered as a cellular telephone line within four years before this Complaint was filed through the date of class certification.

38. Excluded from the class are Fast Capital, any entities in which the Fast Capital has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

39. The proposed class members are identifiable through phone records and phone number databases.

40. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

41. Plaintiff is a member of the class.

42. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a. Whether the Fast Capital used an automatic telephone dialing system to make the calls at issue;

b. Whether the Fast Capital placed telemarketing calls without obtaining the recipients' valid prior express written consent;

c. Whether the Fast Capital' violations of the TCPA were negligent, willful, or knowing; and

d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Fast Capital' actions.

43. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members.

44. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the

class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. The actions of the Fast Capital are generally applicable to the class as a whole and to Plaintiff.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Fast Capital and/or its agents.

47. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

48. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

49. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50. The Defendant violated the TCPA by initiating a telephone call using an automated dialing system to Plaintiff's cellular telephone number

51. The Defendant's violations were negligent, willful, or knowing.

**Count Two:**
**Violation of the Maryland Telephone Consumer Protection Act, 14–3202, et. seq.**

52. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53. The calling activities of Fast Capital are also a violation of the Maryland Telephone Consumer Protection Act, 14–3202, *et. seq.*

54. The defendant's telephone solicitation to the Plaintiff entitled him to $500 for each separate violation of the statute, and attorneys' fees.

**Relief Sought**

For himself and all class members, Plaintiff requests the following relief:

1. That Fast Capital be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Fast Capital, its agents, and anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members.

3. That the Court certify the proposed class under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation of the Maryland TCPA.

6. That the Plaintiff and all class members be awarded attorney's fees under the Maryland TCPA.

7. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

Dated: June 8, 2016

By: /s/ Stephen H. Ring
Stephen H. Ring (Bar No. 00405)
STEPHEN H. RING, P.C.
9901 Belward Campus Drive, Suite 175
Rockville, MD 20850
Phone: (301) 563-9249
Fax: (301) 563-9639
shr@ringlaw.us

Anthony I. Paronich
Broderick & Paronich, P.C.
99 Summer St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
*Subject to Pro Hac Vice*